| | |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF DENVER, COLORADO<br>Court Address:   1437 Bannock Street, Room 256<br>                 Denver, Colorado 80202<br>                 (720) 865-8301 | DATE FILED: February 28, 2017 4:48 PM<br>FILING ID: 21ED10C52D0AC<br>CASE NUMBER: 2017CV30776 |
| **Plaintiff:** CHARLES T. CLAYTON<br><br>v.<br><br>**Defendant:** NORTHLAND INSURANCE COMPANY, **a Connecticut corporation** | ▲ COURT USE ONLY ▲ |
| Attorneys for Plaintiff:<br>Name:     Joseph Kiel<br>Address:  Kiel & Trueax, L.L.C.<br>          7375 E. Orchard Road, Suite 300<br>          Greenwood Village, Colorado  80111<br>Phone No: (303) 694-2666<br>Fax No:   (303) 694-2573<br>E-mail:   Klaus0540@aol.com<br>Atty. Reg. #:  16055 | Case No.<br><br>Courtroom |
| **COMPLAINT** | |

COMES NOW the Plaintiff, Charles T. Clayton, by and through his attorneys, Kiel & Trueax, L.L.C., and for his Complaint against the Defendant, Northland Insurance Company, states and alleges as follows:

1.   At all times mentioned herein, Plaintiff, Charles T. Clayton, was a resident of the City of Thornton, State of Colorado.

2.   At all times mentioned herein, Defendant, Northland Insurance Company ("Northland"), was a Connecticut corporation authorized to do business in the State of Colorado, with its principal place of business at One Tower Square, Hartford, Connecticut 06813.

3.   On or about March 14, 2014, Plaintiff Charles T. Clayton was the restrained driver of a tractor/semi trailer proceeding northbound in the rightmost through lane of Interstate Highway 57 at approximately Milepost 39 in Johnson County, State of Illinois.

4.   At the same time and place, Thomas R. Herron was driving a tractor/semi-trailer owned and operated by Tigers Express, Inc. northbound on Interstate Highway 57 in the rightmost through lane and directly behind the vehicle being driven by Plaintiff.

**EXHIBIT A**

5. As Plaintiff Charles T. Clayton was proceeding northbound on Interstate Highway 57, he noticed in his rearview mirror that the tractor/semi-trailer being driven by Thomas R. Herron was coming up behind him at a high rate of speed.

6. In an effort to avoid a collision, Plaintiff steered his tractor/semi-trailer half way onto the right shoulder to give the tractor/semi-trailer being driven by Thomas R. Herron as much room as possible to pass Plaintiff's vehicle to the left.

7. The tractor/semi-trailer being operated by Thomas R. Herron struck the leftmost portion of the rear end of the tractor/semi-trailer being driven by Plaintiff at a high rate of speed.

8. After impacting the rear of the tractor/semi-trailer being driven by Plaintiff, the tractor/semi-trailer being driven by Thomas R. Herron careened to the left, crossed over the median, crossed over two southbound lanes, struck a rock wall on the west side of the southbound lanes, overturned onto its left side and skidded approximately 130 feet before coming to rest. The force of the impact caused both vehicles to ignite in flames.

9. The above-described collision was the sole and proximate result of the negligent and careless operation of a motor vehicle driven by Thomas R. Herron.

10. As a direct and proximate result of the negligence of Thomas R. Herron, as heretofore alleged, Plaintiff Charles T. Clayton sustained multiple injuries, mental anguish, pain and suffering, physical impairment and disfigurement, and loss of enjoyment of life.

11. As a further direct and proximate result of the negligence of Thomas R. Herron, as heretofore alleged, Plaintiff Charles T. Clayton has been rendered unable to attend to his usual occupation and duties and will be unable to attend to them in the future. As a result, Plaintiff has sustained a loss of past earnings and his earning capacity has been greatly impaired and will continue to be impaired in the future throughout the rest of his natural life.

12. As a further direct and proximate result of the negligence of Thomas R. Herron, as heretofore alleged, Plaintiff Charles T. Clayton has incurred reasonable and necessary doctors' bills, bills for medications, and expenses for therapeutic treatment, and will incur in the future such bills, costs, and expenses.

13. On March 14, 2014, the date of the collision, Plaintiff Charles T. Clayton was the owner/operator of the tractor involved in the collision which had been leased to Richard Daughety d/b/a Dauco.

14. At the time of the collision, Plaintiff was operating the said tractor under the motor carrier authority of Richard Daughety d/b/a Dauco.

15 At the time of the collision, the tractor being operated by Plaintiff Charles T.

**EXHIBIT A**

Clayton was an insured motor vehicle under policy of insurance number WN127428 issued by Defendant Northland Insurance Company to Richard Daughety, d/b/a Dauco.

16. On March 14, 2014, the date of the collision, Plaintiff was entitled to certain benefits under policy of insurance number WN127428 issued by Defendant Northland Insurance Company to Richard Daughety, d/b/a Dauco.

17. The aforesaid policy covered Plaintiff, as the owner/operator of the insured motor vehicle for, among other things, uninsured/underinsured motorist coverage which provided that Northland will pay compensatory damages to the Plaintiff insured resulting from bodily injury sustained by the Plaintiff insured which were caused by an accident resulting from the ownership, maintenance or use of an underinsured motor vehicle where the sum of all liability bonds or policies is less than the amount that Plaintiff insured is legally entitled to recover as damages caused by the accident.

18. On or about January 25, 2017, with the permission of Northland Insurance Company, Plaintiff resolved his claim by way of settlement with the negligent driver, Thomas R. Herron, and Tigers Express, Inc., which settlement did not adequately compensate Plaintiff for the damages sustained in the collision of March 14, 2014.

19. The sum of all liability bonds or policies covering the negligent driver, Thomas R. Herron, and Tigers Express, Inc., was less than the amount that Plaintiff is legally entitled to recover as damages caused by the accident.

WHEREFORE, Plaintiff, Charles T. Clayton, requests that judgment be entered in his favor against Defendant Northland Insurance Company in an amount to be determined at trial, plus costs, interest from the date of the collision as provided by law, and for such other and further relief as the Court deems just and proper.

Dated this 28th day of February, 2017.

KIEL & TRUEAX, L.L.C.

By: _____
Joseph Kiel    No. 16055
Attorneys for Plaintiff

Plaintiff's address:
3600 East 88th Avenue, Lot 33
Thornton, Colorado 80229

Page 3

**EXHIBIT A**